IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TIM AND MARY EMILY WILKS                                                              PLAINTIFF

VERSUS                                CIVIL ACTION NO. 2:04cv356KS-JMR

AMERICAN NATIONAL PROPERTY AND CASUALTY CO.                   DEFENDANT

MEMORANDUM OPINION

This matter comes before the Court, *sua sponte*, regarding failure of the Plaintiffs to prosecute this matter and respond the to Court's Orders. On August 19,2005, the Court issued an Order which was signed by the Plaintiffs indicating their assent to the proceeding. The Order granted Plaintiffs' Counsel's Motion to Withdraw in the aforementioned matter. On December 12,2005, the Court entered an additional Order requiring Plaintiffs inform the Court on or prior to January 11,2006, in writing, of their selection of new counsel or that they intended to proceed *pro se* with the prosecution of this action and that their failure to comply with the Order may result in dismissal of this cause. The December 12,2005 Order was sent via certified mail and the acknowledgment of service was returned on December 15,2005 and docketed January 6,2006. Plaintiffs have never contacted the Court in compliance with the December 12,2005 Order .

Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia* , "for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against her." Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.1978). Not only may a district court dismiss for lack of prosecution, but it may dismiss an action upon its own motion

whenever necessary to "achieve the orderly and expeditious disposition of cases". *Colle v. Brazos*, 981 F.2d 237,242 (5th Cir. 1993)

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985); *Rogers v. Kroger, Co.* 669 F.2d 317 (5th Cir. 1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the Plaintiff. *Dorsey v. Scott Wertzel Serv. Inc*., 84 F.3d 170,171 (5th Cir. 1996).

Based on the foregoing, this Court is of the opinion that Plaintiffs have failed in their obligation to respond in accordance with the Court's Order and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other civil cases. Accordingly, this Court finds that this case be dismissed without prejudice for the Plaintiffs failure to prosecute and failure to comply with 41(b) of the Federal Rules of Civil Procedure.

So ORDERED AND ADJUDGED , THIS the 18th day of January ,2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE